**DEREK SMITH LAW GROUP, LLP**
Casey Barkhordarian, Esq. (SBN 352914)
633 W. 5th Street, Suite 3250
Los Angeles, CA 90071
Telephone: (310) 602-6050
Facsimile: (310) 602-6350
Email: casey@dereksmithlaw.com

*Attorneys for Plaintiff JANE DOE*

**FEDERAL DISTRICT COURT OF THE UNITED STATES**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>TOMMY MORRIS DEAN, individually; and DOES 1-25, inclusive,<br><br>Defendant(s). | Case No.: 3:26-cv-04845-TWR-JAC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR LEAVE TO PROCEED UNDER PSEUDONYM**<br><br>*[Filed concurrently with Declaration of Casey A. Barkhordarian, Ex Parte Application, [Proposed] Order, Plaintiff's Complaint]*<br><br>Complaint Filed: August 25, 2026 |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Jane Doe brings this action against Defendant DEAN for sex trafficking and forced labor in violation of 18 U.S.C. §§ 1589 and 1591, actionable under 18 U.S.C. § 1595, and for sexual assault and sexual battery. As alleged in the Complaint, in or around 2016, Defendant, then an approximately sixty-nine-year-old man, used an internet "sugar daddy" website to identify, entice, and recruit Plaintiff, a seventeen-year-old girl living in foster care with no family, no home, and no income, with promises of housing, financial stability, schooling, and care. Defendant purchased Plaintiff air travel from New York to California, moved her into his home in Carlsbad, falsely held himself out to Plaintiff's high school and others as her legal guardian, conditioned her housing on her submission to sex acts, and sexually assaulted and raped her daily for approximately a year, while recording the abuse and directing others to rape her. After Plaintiff escaped, Defendant lured Plaintiff back to his residence in 2023, raped her again, and infected her with a permanent and incurable sexually transmitted infection, and he has continued to send Plaintiff sexual material to the present day. Plaintiff has suffered, and continues to suffer, post-traumatic stress, depression, anxiety, and suicidal ideation as a result, and has required psychiatric hospitalization and prescription medication.

Plaintiff respectfully requests leave to proceed under the pseudonym "Jane Doe." Courts have repeatedly recognized that victims of rape, human trafficking, and sexual battery, especially those recruited and victimized as minors, have a strong interest in protecting their identities, both to shield them from severe psychological harm and humiliation and so that other victims will not be deterred from reporting such crimes. See *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). The requested relief will not prejudice Defendant, who is personally aware of Plaintiff's true identity and will be provided formal confirmation of it upon appearance, subject to an appropriate

protective order and it will only minimally affect the public's interest in open proceedings, as every aspect of this litigation other than Plaintiff's name will remain public.

## II. LEGAL STANDARD

Although Federal Rule of Civil Procedure 10(a) requires the title of the complaint to name all the parties, courts allow litigation under a pseudonym in special circumstances, "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile*, 214 F.3d at 1068; see also *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008); *United States v. Doe (Doe II)*, 488 F.3d 1154, 1156 n.1 (9th Cir. 2007). In addressing such a request, the court "balance[s] the competing interests involved by weighing the party's need for anonymity against the general presumption that parties' identities be available to the public and the likelihood of prejudice to the opposing party." *Advanced Textile*, 214 F.3d at 1067; *Boggs v. United States*, 143 Fed. Cl. 508, 511 (2019).

Applying that balancing test, the Ninth Circuit has identified three scenarios in which a court may permit a plaintiff to proceed pseudonymously: (1) when there is a risk of retaliatory physical or mental harm, *Advanced Textile*, 214 F.3d at 1068 (citing *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981); *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)); (2) when anonymity is needed to preserve privacy in a matter that is of a sensitive and highly personal nature, id. (citing *James*, 6 F.3d at 238); and (3) when the anonymous party is compelled to admit an intention to engage in illegal conduct, thereby risking criminal prosecution, id. (citing *Stegall*, 653 F.2d at 186).

Party anonymity, moreover, does not inhibit the public's interest in open proceedings in the way that closure of a courtroom does. "The equation linking the public's right to attend trials and the public's right to know the identity of the parties is not perfectly symmetrical." *Stegall*, 653 F.2d at 185. The public retains full access to attend and observe the proceedings, see *Richmond Newspapers, Inc. v. Virginia*, 448

U.S. 555, 599–600 (1980), preserving the principle that "[w]hat transpires in the courtroom is public property." *Craig v. Harney*, 331 U.S. 367, 374 (1947).

## III. ARGUMENT

### A. This Action Involves Matters of a Highly Sensitive and Personal Nature, and Public Identification Would Cause Plaintiff Severe Psychological Harm

Plaintiff has a substantial privacy right in the sensitive and highly personal information she must disclose in this sex trafficking litigation. Evaluating "the issue of pseudonymity requires weighing the scales between the public's interest and the rights to privacy advanced by the movant[s] … [and] privacy interests are recognized in particular circumstances to be in the public interest." *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998).

It is well established that victims of rape, human trafficking, and sexual battery have a strong interest in protecting their identities, so that other victims will not be deterred from reporting such crimes. See *Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d at 872 (fictitious names are allowed when necessary to protect the privacy of rape victims and other particularly vulnerable parties or witnesses); *Jane Doe v. Uber Techs., Inc.*, No. 17-CV-00950-WHO, Doc. No. 27 (N.D. Cal. Oct. 15, 2015) (the right to privacy of sexual assault, physical assault, and human trafficking survivors overcomes the public's interest in knowing their identities); *Doe v. Penzato*, No. CV10-5154 MEJ (N.D. Cal. 2011) (the highly personal and sensitive nature of being a human trafficking and sexual battery survivor allowed the plaintiff to proceed anonymously); *Doe v. Epic Games, Inc.*, — F. Supp. 3d — (N.D. Cal. 2020) (cases involving sexual abuse or human trafficking appropriately favor allowing a plaintiff to proceed using a pseudonym); Doe v. Cabrera, 307 F.R.D. 1, 5 (D.D.C. 2014) (courts generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault because they concern highly sensitive and personal subjects); *E.E.O.C. v. Spoa, LLC*, No. CCB-13-1615 (D. Md. 2013) (sexual assault is a highly

sensitive and personal matter); *Roe v. St. Louis Univ.*, No. 08-CV-1474-JCH (E.D. Mo. 2009) (allowing use of pseudonym because rape is a personal matter of the utmost intimacy).

This matter falls squarely within those authorities and presents an even stronger case than most. Plaintiff alleges that Defendant recruited and groomed her over the internet when she was a seventeen-year-old minor in foster care, trafficked her across the country, falsely asserted guardianship over her, sexually assaulted and raped her daily for approximately a year, directed other to rape her, recorded the abuse, and trafficked and raped her again in 2023, and the Complaint necessarily describes those events in graphic detail. Plaintiff already suffers from psot-traumatic stress, depression, anxiety, nightmares, insomnia, and suicidal ideation as a result of Defendant's conduct, and has required psychiatric hospitalization and prescription medication; permanently attaching her true name to a public, searchable account of her trafficking and rape would subject her to re-traumatization, stigmatization, humiliation, and further psychological injury.

The danger is compounded here because Defendant is alleged to retain sexually explicit recordings and photographs of Plaintiff, possibly including material created when she was a minor, and has continued to contact Plaintiff to the present day; Plaintiff live in fear that Defendant will disseminate that material, and public identification of Plaintiff by name would forever link her to it and expose her to retaliation. Plaintiff was also exceptionally vulnerable as a minor when recruited, and a foster youth with no family, no home, and no income, the very vulnerabilities Defendant is alleged to have exploited. Forcing Plaintiff to choose between prosecuting the party who trafficked and raped her or being publicly identified with these events would be cruel, and would deter similarly situated victims from ever coming forward. See *Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d at 872.

**B. Defendant Will Not Be Prejudiced Because Defendant Is Aware of Plaintiff's Identity**

Pseudonymity will not impair Defendant's ability to defend this action. Where the public is barred from knowing the identity of a plaintiff, but the defendant is made aware of that identity, the defendant is

not prevented from "conducting a full range of discovery in building a defense for trial." *Plaintiff B v. Francis*, 631 F.3d 1310, 1318–19 (11th Cir. 2011). It is well established that, in balancing the interests involved in cases such as this one, "courts have permitted parties to enter into protective orders that permit the limited disclosure of a plaintiff's identity for discovery purposes on the condition that the defendants do not disclose it to the general public." *Advanced Textile*, 214 F.3d at 1069.

Plaintiff does not seek to conceal her identity from Defendant or his counsel. Defendant is personally and fully aware of Plaintiff's identity: as alleged in the Complaint, Defendant housed Plaintiff in his own residence for approximately a year, enrolled her in high school while falsely holding himself out as her legal guardian, and has continued to contact Plaintiff to the present day. Plaintiff's counsel has also reach out to Defendant and informed Defendant of Plaintiff's identity and intent to bring forward an action. Defendant therefore has full knowledge of Plaintiff's identity for purposes of investigation, discovery, and trial preparation, and the relief sought restricts only public disclosure, which has no bearing on the merits of any defense.

**C. The Public's Interest is Not Impaired by Pseudonymity**

The public's interest in open access to judicial proceedings, see *Richmond Newspapers*, 448 U.S. at 599–600, is fully preserved here. Party anonymity does not inhibit that interest in the way that closure of a courtroom does; "[t]he equation linking the public's right to attend trials and the public's right to know the identity of the parties is not perfectly symmetrical." *Stegall*, 653 F.2d at 185. The public can still attend and observe every proceeding in this action while Plaintiff proceeds under a pseudonym, preserving the constitutional interest in ensuring that "[w]hat transpires in the courtroom is public property." *Craig v. Harney*, 331 U.S. at 374. Only Plaintiff's name will be withheld; every substantive aspect of this litigation remains open to public view. And the public interest is affirmatively served by permitting victims of sex trafficking and sexual assault to seek redress without sacrificing their privacy, so that other victims are

not deterred from reporting such crimes. *Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d at 872; *M.M. v. Zavaras*, 139 F.3d at 803.

## IV. <u>CONCLUSION</u>

The balancing test clearly demonstrates that Plaintiff's need for anonymity outweighs any countervailing public interest in disclosure, and there is no prejudice to Defendant. For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Application, permit Plaintiff to proceed in this action under the pseudonym "Jane Doe," order that all materials filed in this action refer to Plaintiff only as Jane Doe without additional identifying information, and enter the [Proposed] Order submitted herewith. The requested relief is without prejudice to any Defendant's right, upon appearance, to seek reconsideration.

Dated: August 25, 2026

**DEREK SMITH LAW GROUP, LLP**
Attorneys for Plaintiff

By: */s/ Casey Barkhordarian*
CASEY BARKHORDARIAN, ESQ.
633 West 5th St., Suite 3250
Los Angeles, CA 90071
(310) 602-6050