UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JANE DOE, an Individual,

Plaintiff,

v.

TOMMY MORRIS DEAN, individually; and DOES 1–25, inclusive,

Defendant(s).

Case No.: 3:26-CV-4845 TWR (JAC)

**ORDER (1) GRANTING MOTION FOR ALTERNATIVE SERVICE OF PROCESS, AND (2) EXTENDING DEFENDANT'S TIME TO RESPOND TO PLAINTIFF'S MOTION TO PROCEED PSEUDONYMOUSLY**

(ECF Nos. 4–6)

Presently before the Court are Plaintiff's *Ex Parte* Motion to Proceed Under Pseudonym (ECF No. 4) and Motion for Order Permitting Alternative Service ("Service Mot.," ECF No. 6). Through her Service Motion, Plaintiff seeks to serve the Complaint upon Defendant Tommy Morris Dean by means of email service to the address tdean6486@gmail.com, together with concurrent service by mail to Defendant's residence. For the reasons stated below, the Court **GRANTS** Plaintiff's Service Motion.

**BACKGROUND**

Plaintiff states that between August 28, 2026, and September 10, 2026, a registered California process server made at least seven separate attempts, at varying days and times, including in the evening and morning hours, to effect service on Defendant at his putative

home address. (Serv. Mot. at 9). On five occasions, the process server was unable to gain access to the residence because it sits behind an unstaffed private gate, and calls placed to the property's call box and intercom went unanswered or were answered by an unidentified individual who did not permit entry. (*Id.*). On two further occasions (September 4, and September 10, 2026), the process server reached an individual who identified herself as a resident of the property; that individual confirmed that Defendant resides at the address but stated he was unavailable, and, on September 10, 2026, she expressly declined to accept the papers on his behalf. (*Id.*).

Plaintiff also states that Defendant maintains and actively uses the email address tdean6486@gmail.com that he has used to communicate with Plaintiff's counsel's office, including in direct response to notice of proceedings in this case. (*Id.* at 7.) Plaintiff states that no return of an undeliverable message notice or other indication that the address is invalid has ever been received. (*Id.* at 10.).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 4(e)(1), an individual may be served in any manner prescribed by state law of the state in which the district court is located. *See* Fed. R. Civ. P. 4(e)(1). California—the state in which the Court sits—permits five basic methods of service: (1) personal delivery to the party, (2) delivery to someone else at the party's usual residence or place of business, (3) service by mail with acknowledgment of receipt, (4) service on persons outside the state by certified or registered mail with a return receipt requested, and (5) service by publication. Cal. Civ. Proc. Code §§ 415.10–50. Alternatively, California Code of Civil Procedure Section 413.30 permits the court to "direct that summons be served in a manner that is reasonably calculated to give actual notice to the party to be served, including by electronic mail or other electronic technology, and that proof of such service be made as prescribed by the court." Cal. Civ. Proc. Code § 413.30. Section 413.30 permits alternate service without requiring exhaustion of California's other enumerated methods. *See, e.g.*, *Cisco Sys. Inc. v. Shaitor*, No. 18-CV-

00480-LB, 2018 WL 3109398, at *3–4 (N.D. Cal. June 25, 2018); *Miller v. Cnty. of San Diego*, No. 26-CV-2314-BAS-JLB, 2026 WL 1579160, at *2–3 (S.D. Cal. June 2, 2026).

Prior to seeking alternative service of process under Section 413.30, Plaintiff must first demonstrate that she exercised "reasonable diligence" in attempting to serve Defendants through other means of service specified in the California Code of Civil Procedure. Cal. Civ. Proc. Code § 413.30. California state courts have held that "two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made." *Bein v. Brechtel-Jochim Grp., Inc.*, 6 Cal. App. 4th 1387, 1392 (1992).

Even if alternative service is permitted under Rule 4(e)(1), alternative methods "must also comport with constitutional notions of due process." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016–17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

California law permits service by email "where email service 'is reasonably calculated to give actual notice to the party to be served,' particularly where there is evidence that the defendant is evading service." *Gnathonic LLC v. Dingman*, No. 2:19-CV-1502-VAP-SSX, 2019 WL 13166751, at *2 (C.D. Cal. Oct. 2, 2019) (quoting *Cisco Sys. Inc. v. Shaitor*, No. 18-CV-00480-LB, 2018 WL 3109398, at *3 (N.D. Cal. June 25, 2018) (collecting cases)). A plaintiff must demonstrate "reasonable diligence in its attempts to serve the defendants" and that service by email "is reasonably calculated to give actual notice to the defendants." *Id*. (quoting *Cisco Sys., Inc.*, 2018 WL 3109398, at *4)).

**DISCUSSION**

The Court finds that Plaintiffs have shown the requisite "reasonable diligence" for substituted service given the efforts outlined above. *See Bein*, 6 Cal. App. 4th at 1392; *see*

*also supra* pages 1–2. Plaintiff's process server unsuccessfully attempted to serve Defendant at his residence seven times, including calling the intercom and communicating with other residents of the property. Further, service by email to tdean6486@gmail.com is reasonably calculated to give actual notice to the Defendant because Defendant has previously used this address to communicate with counsel in this case and no return of an undeliverable message notice has ever been received. Therefore, the Court finds that service at tdean6486@gmail.com comports with due process. Accordingly, the Court **GRANTS** Plaintiff's Service Motion.

**CONCLUSION**

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion for Alternative Service (ECF No. 6). Plaintiffs **SHALL EFFECTUATE** service on Defendant via email within seven (7) days of the date of this Order. Because Defendant has not yet been served or entered an appearance in this action, the Court **EXTENDS** ***NUNC PRO TUNC*** Defendant's October 13, 2026 deadline to respond to Plaintiff's *Ex Parte* Motion to Proceed Under Pseudonym (ECF No. 4). (*See* ECF No. 5.) Defendant **SHALL FILE** its response to Plaintiff's Complaint ***and*** any opposition to Plaintiff's *Ex Parte* Motion to Proceed Under Pseudonym within twenty-one (21) days of service of Plaintiff's Complaint. As noted in Section III.A.2 of the undersigned's Standing Order for Civil Cases, *"[a]n opposing party's failure timely to file an opposition to any motion may be construed as consent to the granting of the motion pursuant to Civil Local Rule 7.1(f)(3)(c)."*

**IT IS SO ORDERED.**

Dated: October 14, 2026

Honorable Todd W. Robinson
United States District Judge